Nash, J.
 

 In the opinion of the Court below, we do not concur. The different inspectors in the State are public officers, appointed by the Courts of pleas and quarter sessions of the several Counties where needed, and, except in the case of the inspectors of Wilmington, hold their offices during good behavior — they giving-bond and security for the faithful discharge of their duties, and taking an oath of office ; and a penalty is inflicted upon any one for acting as an inspector without being first qualified. For the purpose of inspection, then, the inspector is the officer of the law, and he is the agent
 
 *406
 
 of both parties by the usage of the trade of the town of Wilmington, after he takes possession. By the same custom, it is the privilege or right of the purchaser to designate the place of delivery, and the duty of the seller to deliver it there. This was a part of the contract between the parties. It is a right, highly important to the purchaser. Where, as in this case, he is the owner of a wharf, it saves him much risk, as well as expense, to have it delivered there. If deposited elsewhere, at the election of the vendor, his risk would be increased, not having the control of the premises and not being able to watch and guard it properly and with his own servants. If the lumber in this instance had beén landed upon the wharf of the defendants, it would not have been destroyed by the fire. But be this as it may, it was a part of the contract as assumed by the Judge, that the lumber should be landed at the wharf of the defendants. The inspector was an agent, vVith special authority to deliver and receive at a specified place. The variation here, for the reasons before given, was in a matter of substance and very material. And it was fully known to the plaintiff. The defendants never adopted the act of the inspector, when apprised of the place where the lumber was landed ; they informed Pipkin, the special agent of the plaintiff, that they would not take it, unless placed on their wharf. The Judge then erred in instructing the jury, that if the inspector had, by mistake, not landed the lumber at the place directed by the defendants, they were still bound by his delivery. And for this error there must be a new hearing of the cause before another jury.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 awarded.